UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROGER SIMPSON                                                                                      PLAINTIFF

v.                                                                               CIVIL ACTION NO. 3:05-CV-121-S

ROYAL CONSUMER PRODUCTS                                                      DEFENDANT
GROUP

### MEMORANDUM OPINION

This matter is before the court on the motion of the defendant, Royal Consumer Products Group ("Royal Consumer"), for summary judgment. Royal Consumer asserts it is entitled to summary judgment because the plaintiff, Roger Simpson ("Simpson"), has failed to make out a prima facie case for employment discrimination, or if he has, Royal Consumer has presented a legitimate, non-discriminatory reason for its decision terminate Simpson, and Simpson has not been able to present sufficient evidence demonstrating this reason was a pretext for discrimination.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *See id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.

*See First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *See Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

For the reasons set forth herein, we conclude that Royal Consumer is entitled to summary judgment.

## BACKGROUND

Simpson, an African-American male, was employed as a doily stacker by Royal Consumer from April 18, 2002 until his termination on July 21, 2004. Royal Consumer submits that it terminated Simpson under its attendance policy, because he accumulated more than 10 points, the threshold number for termination, and because he was a no call/no show for 72 hours, which results in immediate termination. On the other hand, Simpson asserts that his termination was racially motivated and in violation of Title VII of the Civil Rights Act of 1964.

Under Royal Consumer's attendance policy, employees accumulate points for absences: one point for a day's absence, one-half point for a partial day's absence, and one and one-half points for a no call/no show absence. Once an employee has accumulated 10 points in a calendar year, he is immediately discharged. An employee is also immediately discharged if he has been absent from work for 72 hours without a call-in.

At the beginning of July 2004, Simpson had accumulated 5.5 points. He was absent with a call-in on July 12, resulting in one point and a written warning. On July 13, Simpson was again absent with a call-in, resulting in another point and a one-day suspension. However, on July 14 and 15, Simpson did not call-in when he failed to appear for work, resulting in an additional 3 points and bringing his total points to 10.5. When Simpson failed to call-in or report for work on July 16, he was 72 hours without a call-in and given another one and one-half points, for a total of 12 points.

On Monday, July 19, Simpson called Beth Amburgey ("Amburgey"), Royal Consumer's human resource manager, and informed her that he had been in the hospital. Amburgey told Simpson to bring in documentation of his hospitalization on July 20, and Simpson agreed to do so. Simpson, however, failed to show up, and when Amburgey spoke with him on the afternoon of July 20, she told him to bring in the documentation by 10 a.m. on July 21. His failure to do so would result in his termination.

Simpson arrived at Royal Consumer at 12:30 p.m. on July 21 without any documentation but indicated that he would obtain the required paperwork and return at 4 p.m. Yet, when Simpson returned, the only documentation he provided were handwritten notes requesting Amburgey to call certain medical facilities and speak with nurses there. At this time Simpson's employment was terminated. Although Simpson subsequently filed a grievance contesting his termination under a collective bargaining agreement, his grievance was ultimately denied by Royal Consumer, which found that Simpson had been given several chances and days to provide adequate documentation of his hospitalization. Royal Consumer further found that Simpson's production of the required documentation on August 26, 2004 at his grievance hearing was untimely. This suit followed.

## ANALYSIS

In order to prove his case of employment discrimination, a plaintiff must present either direct evidence of discrimination or circumstantial evidence to create an inference of discrimination. *See DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004). But, rarely will a plaintiff be able to provide direct evidence of discrimination, since only the most blatant discriminatory remarks constitute direct discrimination. *See Smith v. Chrysler Corp.*, 155 F.3d 799, 805 (6th Cir. 1998) (stating that direct evidence "would take the form, for example, of an employer telling an employee, 'I fired you because you are disabled.'"); *Kline v. Tennessee Valley Authority*, 128 F.3d 337, 348 (6th Cir. 1997) (explaining that "[r]arely can discriminatory intent be ascertained through direct evidence because rarely is such evidence available.").

Case 3:05-cv-00121-CRS-DW   Document 46   Filed 10/24/06   Page 4 of 6 PageID #: 233

Thus, it most often falls on the plaintiff to prove his case through circumstantial evidence utilizing the burden-shifting approach set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.3d2d 668 (1973). This approach employs a four-factor test, first articulated in *McDonnell Douglas* and subsequently modified by the Sixth Circuit to fit the specific discrimination alleged. *See White v. Columbus Metropolitan Housing Authority*, 429 F.3d 232, 240 (6th Cir. 2005) (citing *Nguyen v. City of Cleveland*, 229 F.3d 559 (6th Cir. 2000). Under the test, a plaintiff establishes his prima facie case of discrimination by showing that:

1. He belongs to a protected class;
2. He was discharged;
3. He was qualified for the position; and
4. He was replaced by a person outside the protected class.

*See Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992).

If the plaintiff is able to establish a prima facie case, then the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for its decision to terminate the plaintiff. Once it does so, the burden of going forward then shifts back to the plaintiff to show that the defendant's reason was actually a pretext to discriminate. *See McDonnell Douglas*, 93 S.Ct. at 1824.

Here, Simpson has failed to present us with any direct evidence of discrimination and has not been able to establish a circumstantial case of discrimination due to the fourth factor. The facts show that an African-American male, Alvin White, was hired to replace Simpson as a doily stacker in March 2005.

However, even if Simpson could establish a prima facie case, Royal Consumer has articulated a legitimate, non-discriminatory reason for terminating Simpson: Simpson violated the Royal Consumer's attendance policy. Moreover, even though Royal Consumer was willing to consider Simpson's surgery as a mitigating circumstance, Simpson failed to timely produce proper documentation of his hospitalization.

- 4 -

To move forward from this point, Simpson would have to show pretext on the part of Royal Consumer. He "must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." *Manzer v. Diamond Shamrock Chemicals*, 29 F.3d 1078, 1083 (6th Cir. 1994). For Simpson to discredit Royal Consumer's non-discriminatory reason, he must "show by a preponderance of the evidence either (1) that the proffered reasons had no basis *in fact*, (2) that the proffered reasons did not *actually* motivate [Royal Consumer's decision] . . . , or (3) that they were *insufficient* to motivate [Royal Consumer's decision] . . . .'" *Id*. at 1084 (quoting *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 513 (7th Cir. 1993)). However, Simpson is unable to make any of these showings.

We can easily dispense with the first and third showings. Under the first showing, Simpson would have to demonstrate that he did not violate the attendance policy. *See id*. At the time of his termination, however, Simpson had accumulated 12 points, 2 points over the 10 point threshold for termination. Furthermore, Simpson was also subject to termination because he had been absent for 72 hours without a call-in. Under the third showing, Simpson would have demonstrate that Royal Consumer did not typically terminate employees for violations of its attendance policy. *See id*. Yet, Simpson has not even made this contention.

It is more difficult, however, to determine whether a plaintiff has made the third showing, since the third showing requires an examination of all the circumstantial evidence presented by the plaintiff. Under this showing, Simpson would have to demonstrate that "the sheer weight of the circumstantial evidence of discrimination makes it 'more likely than not' that the employer's explanation is a pretext, or coverup." *Id*. However, we are unable discern any circumstantial evidence from anything Simpson has submitted to us. Only from Royal Consumer's *Memorandum in Support of Motion for Summary Judgment*, were we able to find that Simpson, through his deposition, alleges that:

1. Plant Manager Mike Hanby ("Hanby") and Amburgey used the term "boy" in a way that to him demonstrated racial overtones.

2. Hanby spoke with a racial "tone" while conversing with one of Simpson's co-workers, Dan Sheckell, who allegedly used racist language himself.

3. Hanby was hired by Royal Consumer to "get ride of outspoken blacks."

We do not believe, however, even upon viewing this "evidence" in a light most favorable to Simpson, that Royal Consumer's explanation was "more likely than not" pretextual. At best, these allegations are subjective and speculative. In addition, Royal Consumer hired an African-American male to replace Simpson, which further discredits Simpson's contention that his termination was racially motivated.

Simpson has failed to meet his burden under the *McDonnell Douglas* framework, and therefore, we will grant Royal Consumer's motion for summary judgment and dismiss this case with prejudice. A separate order will be entered this day in accordance with this opinion.